## STATE *vs.* DENNIS DINNEEN.

*Criminal Law—Arson—What Necessary for State to Prove—*
*Evidence, Positive and Circumstantial—Relations—Accom-*
*plices—Statute, Construction of.*

1.   Arson at common law was "the malicious and voluntary burning of the house of another by night or by day."

2.   In order to convict the prisoner of arson, under our statute, the State must prove, (1) the burning or setting on fire of the building; (2) that it was a dwelling house in which at the time of burning or setting on fire there was some human being, and (3) that the offense was committed wilfully and maliciously.

3.   The ownership of the dwelling house, in the construction of our statute, whether it be that of the person charged with the offense or that of another, makes no difference, as the gravamen of the offense is the burning or setting on fire of a dwelling house in which there was at the time some human being.

4.   The evidence to prove the commission of such crime must be direct and positive, or circumstantial and presumptive. Positive and circumstantial evidence defined and illustrated.

5.   The jury are the sole judges of the credibility of witnesses—Although they may be near relations of, and kin to the prisoner, if competent, they are allowed to testify. What faith and credit are to be given them is for the jury to determine. They stand on the same footing with other witnesses. The law applicable to accomplices does not apply to relations. All classes interested, or even parties accused are competent, under our law. The jury may accept or reject their testimony.

(*December* 1, 1896.)

LORE, C. J., and GRUBB, CULLEN and MARVEL, Associate Judges, sitting.

*Robert C. White*, Attorney-General, and *Peter L. Cooper, Jr.*, Deputy Attorney-General, for the State.

*Walter H. Hayes* for the prisoner.

At a Court of Oyer and Terminer for New Castle County, beginning December 1, 1896, the prisoner was tried upon an indictment charging ARSON OF THE FIRST DEGREE.

CULLEN, J., charging the jury:

Gentlemen of the jury:—The prisoner at the bar, Dennis Dinneen, is indicted for the crime of arson; which at common law constituted, as defined by Lord Coke, "the malicious and voluntary burning of the house of another, by night or by day." The offenses of burning houses and other property are now, in the several States of this country, provided for by various statutes, among which is included a statute in our own State. The evidence, therefore, upon indictment for this offense, may vary in some respects from that required in an indictment at common law. I believe that this is the first case, so far as I am informed, that has arisen under this statute. Our statute, under which the indictment is framed, provides that "If any person shall wilfully and maliciously burn, or set on fire any dwelling house, (whether it be his own or that of another, in which there shall be at any time some human being;) or any store, or other building, adjoining to or parcel of a dwelling house (whether it be his own or that of another, in which there shall be at the time some human being;) such person shall be deemed guilty of arson (of the first degree) and felony," etc.

The indictment in this case is framed under the first paragraph of that section; that is, the party is charged, with the burning of a dwelling house in which there was a human being, not a store or other building, as under the second paragraph.

To convict the prisoner of the offense alleged under this indictment, the State must prove to your satisfaction; *first*, the burning—which would be, in this case, if you please, a burning that would constitute the entire destruction of the building—"or setting on fire." The mere setting on fire, if that fact be proved, is of course equivalent to the destruction of the building when it is burned up. *Second*, that it was a dwelling house in which at the time of burning or setting on fire, there was "some human being." *Third*, that the offense was committed "wilfully and maliciously."

Now, all these facts must be established satisfactorily to you,

beyond a reasonable doubt, before a conviction can be had as against the party, in manner and form as he stands indicted; that the offense was committed "wilfully and maliciously." In other words, gentlemen, you must be satisfied, from the evidence produced before you, that the prisoner set on fire the dwelling house. I·am confining this case entirely to the facts that are before you, without the other portion attached, for you will observe that the indictment in this case, according to the proofs, and the ground on which they stake a conviction is that he "set on fire," a dwelling house stated in the indictment, in which at the time was a human being, and that he did so intentionally, with an intent to do a great wrong and injury.

And we must say to you that the ownership of the dwelling house, in the construction of this statute, (which differs from the common law,) whether it be that of the party charged with the offense or that of another, makes no difference, as the gravamen of the offense is the burning or setting on fire of a dwelling house "in which there shall be at the time some human being." So that if there be a setting on fire of a dwelling house, it matters not whom it belongs to, whether it be the dwelling house of the owner himself or of another party, the gravamen of the offense is a dwelling house in which there is a human being.

The evidence to prove a crime such as to justify conviction may be direct and positive, as when the crime is proved by witnesses who saw the act charged actually committed, or where the party charged admits or confesses, leaving no doubt or uncertainty as to the guilt of the party charged. Now, that is the strongest evidence in one sense; and yet there may be other evidence stronger than that. But where the evidence is positive —for instance, if a man kills another and witnesses around see him do it, see him fire the shot, if you please, or see him strike the other with some instrument, from which the other falls dead—that is a positive fact, that is direct testimony; but you will observe, gentlemen, that if the law rested upon that fact, no man could be convicted of a crime unless there was direct and positive evidence that he did it, and many criminals would escape

and go unwhipped of justice. But there are other means by which these things may be detected. Crime necessarily seeks secrecy, and therefore there are other matters which may be brought in and by which a jury may know what is direct and positive. But there is another grade of offense, to which I shall call your attention, by which a party may be convicted; and there is also another kind of evidence which is admissible in civil as well as criminal cases—more particularly in criminal than in civil cases—called "presumptions" or more generally defined as "circumstantial evidence." And unless such was admissible, most criminals would escape, as crime seeks secrecy and cannot, in most cases, be proved by direct and positive testimony. In fact, circumstantial evidence of crime, if properly supported and constituting an unbroken chain, constitutes a proof as strong and conclusive as direct and positive evidence and, in some cases, more so.

Where a crime has been committed and there is no direct and positive proof thereof, but facts and circumstances are proved as showing motive, the declarations by parties charged and other matters, if taken together, would satisfy a reasonable mind of the guilt of the party; in other words, as a whole, constituting an unbroken chain or secondary evidence, under such proof, the evidence would be equally as strong as that of direct and positive proof. These presumptions (or "circumstantial evidence" as defined in the books) are of three kinds: *first*, violent presumption, where the facts and circumstances proved, necessarily attend the facts presumed; as, for instance, if a man is killed in a house. or along a road and some person be seen running from the place, with a weapon drawn and covered with blood; that is a violent presumption that he did the deed. It is not positive as contradistinguished from direct and positive evidence, which is where a man saw the prisoner do the act. But if a man, if you please, has a knife upon which his name appears or one which everybody knows, and it is found sticking in the wound on the dead man, and that is connected with the fact that he had a quarrel with his adversary before that and swore he would kill him, and that

knife is found a short time afterwards sticking in the dead man, that is presumptive evidence. In other words, it is circumstantial evidence. It is liable, however, to rebuttal.

The next kind of evidence is probable presumption; that is, where there are facts and circumstances surrounding a case, where a tragedy had been committed or some unlawful act done, connecting somebody or other with it. As, for instance, if an article be stolen and the accused be seen coming from the house in question that is a probable presumption. A man coming from the house does not furnish a violent presumption as would be the case if the man coming from the house was found with the stolen goods upon his person. Then there would be a violent presumption that he had taken the goods. Circumstances would naturally occur, from a crime having been committed, to show that the man was in some way connected with it by his immediate surroundings or the manner in which he acted or his sayings or his confession.

The Court having thus defined the general principles of law applicable in a case of an indictment for arson, you are to decide upon the evidence produced before you, as applied to the law laid down by the Court, as to the guilt or innocence of the prisoner. You have heard the testimony on both sides; that is a matter with you. There is in this case no direct or positive proof of the guilt of the party charged. I mean by that that nobody saw him do it, according to the evidence here; it is to be taken from the circumstances which surround this case. You heard the testimony; that of the prosecuting witness that he was upon the ladder, and as to the identity of either party. That is a circumstance. As to all the other facts, his declarations and what he said, as to the motives that influenced him, they are circumstances; and therefore they bring it under the head, as I say, of what is called "circumstantial testimony." There is, in this case, no direct or positive proof of the guilt of the party charged. The evidence is presumptive or circumstantial. We must say to you that a party charged is presumed to be innocent until he is proved guilty. You are to decide this case upon presumptive

or circumstantial evidence, as there is no direct or positive evidence. In consideration of the evidence being presumptive or circumstantial, we must say to you that circumstantial evidence ought to be acted on with great caution. Unless taken entire and forming one perfect link to satisfy you beyond a reasonable doubt, the prisoner is entitled to the benefit of the doubt and you should acquit him. But, gentlemen, if you are satisfied from all the facts and circumstances proved in this case, though there is no direct and positive proof, that the prisoner set fire to the said dwelling house, as alleged in the indictment, in which was a human being, "wilfully and maliciously," then you should find the prisoner guilty in manner and form as he stands indicted.

We have been asked to charge you that, as witnesses who were produced and who testified in behalf of the prisoner were near relations of and kin to the prisoner, their testimony is to be taken with great caution. We must say to you that you are the sole judges of the credibility of the witnesses. If competent, the Court allows them to testify. What faith and credit are to be given them is within your sole province. They stand on the same footing with other witnesses. The law applicable to accomplices does not apply to relations. All classes interested or even parties accused are competent under our laws. Their credibility is a matter with you. You may accept or reject their testimony. It is your sole right to decide the weight of testimony. If conflicting, you should reconcile it if possible. If you cannot, then you are to consider and give weight to the testimony of such as you think have had the best opportunities for a knowledge of this act and who are free from bias. In other words, you are to decide on the testimony given you, and are the sole and only judge of it.

We have been asked to charge you, that, if there be a reasonable doubt in your minds as to the guilt of the prisoner, he shall be entitled to the benefit of it, as laid down in 9 *Houston*, 386, being a charge delivered by our late Chief Justice Comegys, in the case of *The State vs. Fiftzpatrick and McGurgan;* which is undoubtedly the law and is in the following words: "It is due to

the prisoner who is charged in the indictment with this serious crime, that I should say as is, in fact, usually said in all cases of crime, or of misdemeanor only,—that the presumption of law is in favor of innocence; that is, that every one charged with a crime is presumed to be innocent, and that no conviction can be rightfully made unless the jury are satisfied, from the proof in the case and from that only, that a party charged is guilty beyond a reasonable doubt—which is only another way of saying that unless the minds of the entire panel of jurors are convinced beyond such a doubt as reasonable men should, from the proof before them after calmly considering it, entertain of the guilt imputed, the verdict should be one of acquittal. No suspicions or conjectures are to be indulged in, but only facts and circumstances proved are to be allowed any weight. No consequence in criminal trials is to be given to mere weight of testimony. Unless the facts relied upon for conviction are so evident, and compulsory of the mind, as to exclude any doubt of guilt, they must not be allowed to make up a verdict of guilty. A prisoner must not be convicted, if any doubt of guilt of a reasonable nature growing out of the facts proved or by reason of their insufficiency, exists in the jurors' minds."

Now, gentlemen, we have given you the law. The facts have been given here before you. You are to apply the facts here—to judge of the facts, and apply them to the law as we have laid it down.

Verdict, not guilty